UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONALD RUNNELS** | **CIVIL ACTION NO. 3:15-cv-2111** |
|     **LA. DOC #187611** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Donald Runnels, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 29, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Richland Parish Detention Center. Plaintiff claims that he is illegally confined and he names the following defendants – Todd Neson (District Attorney of Allen Parish), James "Buddy" Caldwell (Louisiana's Attorney General), Tom Schedler (Louisiana's Secretary of State), Bobby Jindal (Louisiana's Governor), and, the State of Louisiana.  Plaintiff prays for his release from custody and for an undisclosed amount of money damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On July 29, 2015, plaintiff submitted a pro se "Petition to file suit (sic) under 28 U.S.C. §1983 (sic), a person in custody demanding compensation for injuries being inflicted upon

petitioner who is being held in captivity unlawfully." Therein plaintiff requested the appropriate forms and indicated that he was entitled to money damages for false imprisonment. [Doc. 1]

On October 22, 2015, plaintiff filed his complaint on the forms provided to prisoners in this District seeking relief pursuant to 42 U.S.C. §1983. Therein he identified the defendants named above and alleged that they violated La. R.S.14:133(A)(3) which proscribes the filing of false public records. According to the complaint, the defendants' "scheme" resulted in plaintiff's illegal confinement. He alleged that the defendants caused him to be held against his will and to be illegally extradited from Texas to Louisiana in a "scheme" initiated by the Allen Parish District Attorney. Plaintiff prayed for his release from custody and money damages in an undisclosed amount. [Doc. 10]

On November 6, 2015, he filed a second complaint with exhibits. He again accused the defendants of violating R.S.14:133(A)(3) "by filing false public records against plaintiff and caused injury by causing plaintiff to be locked up against his will with injury starting on 11-6-2013 and continued to present date." He maintained that all of the defendants separately filed records falsely implying that plaintiff was convicted of "out-of-state bail jumping." He again prayed for his immediate release and an undisclosed amount of monetary compensation. [Doc. 11]

In support of this complaint he provided a memorandum which alleged that plaintiff was convicted of a criminal offense in Louisiana and sentenced to a term of imprisonment; however he was thereafter granted post-conviction bail which was posted on February 4, 2013. Thereafter, the District Attorney filed a motion seeking to rescind plaintiff's post-conviction bail. That motion was granted and plaintiff's bail was revoked and his sentence was made executory.

Plaintiff, however, contends that the August 7, 2013, order revoking bail and making his sentence executory also rescinded the sentence that had previously been imposed and thus mandated plaintiff's immediate release from custody. Thus, according to plaintiff, the State's December 4, 2013, charge of bail-jumping was a false charge unsupported by evidence or law and plaintiff's arrest in Texas as a fugitive from justice was unlawful and plaintiff's continued incarceration is unlawful. [Doc. 11-1]

Plaintiff also provided various exhibits in support of his claim including the August 7, 2013, order in the matter of *State of Louisiana v. Donald Runnels*, Criminal Docket No. 2010-5578 which states:

> 1. The defendant's post-conviction bond, be and is hereby rescinded;
>
> 2. That the incarceration portion of the defendant's sentence, be and is hereby made executory; and,
>
> 3. That the defendant is hereby ordered to report to the Allen Parish jail for processing in accordance with this order, failure of which shall subject the defendant to arrest. [Doc. 11-2, p. 1]

Plaintiff also provided a copy of the December 17, 2013, cover letter accompanying the Attorney General's Application for Requisition which states, among other things, "Donald K. Runnels stands convicted of the crime(s) of simple burglary and out of state bail jumping committed on or about October 10, 2009, and October 2, 2013, respectively, in the Parish of Allen, State of Louisiana. He fled from the State of Louisiana prior to the execution of his sentence while out on appeal bond and is now in custody of the Sheriff's Office in the County of Montgomery, State of Texas." [Doc. 11-2, p.3] Plaintiff also provided the documents requesting plaintiff's extradition from Texas. [Doc. 11-2, pp. 4-8] He claims as false the statements

contained in those documents that he was convicted of bail-jumping.

## Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Habeas Corpus

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it appears that in addition to money damages he seeks to obtain his immediate release from custody. Thus, to the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be

raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

### 3. Heck v. Humphrey

Plaintiff contends that he was and remains confined in violation of Louisiana and Federal law. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff is confined because he was convicted of simple burglary and thereafter adjudicated a multiple offender and sentenced to a hard labor sentence. He was allowed to remain free on bond pending his appeal and when his conviction, adjudication and sentence were affirmed, his bond was revoked and his sentence made executory. He complains about errors that

occurred during the extradition process but offers no valid argument to establish that his custody is unlawful, other than his extraordinary claim that the court order rescinding his post-conviction bond operated to rescind his sentence. In any event, the grounds supporting plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of his confinement, *Heck* bars any claim for monetary damages which implies the invalidity of his confinement. As such, his claims for damages are frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, December 7, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**